MOREHEART *v.* MABELVALE ROAD IMPROVEMENT
DISTRICT No. 29.

Opinion delivered March 9, 1931.

*A. L. Rotenberry, Lee Miles* and *John D. Shackleford,* for appellant.

*Wallace Townsend,* for appellee.

HUMPHREYS, J. This is a suit by appellants, citizens and taxpayers, against Road Improvement District No. 29, in Pulaski County and its commissioners, to restrain them from selling bonds and extending and collecting taxes based upon assessment of benefits. It was alleged in the complaint that the commissioners entered into a contract with the county court to construct a road for $7,000 per mile; that one-half of the road had been built by the county, and that appellees were about to sell bonds and extend and collect taxes based upon the benefits to pay for the road already constructed and to pay for the entire road when completed; that the contract was void because the county court had no right under the law to become a contractor for the construction of roads under contracts with the commissioners of improvement districts.

Appellees filed an answer admitting the execution of the contract and part performance thereof, but denying all other material allegations in the complaint.

The cause was submitted to the trial court upon the pleadings and testimony, resulting in the dismissal of appellants' complaint, from which is this appeal.

The record reflects the following facts: The district in question was properly organized under act number 126 of the General Acts of the Legislature of 1923 and amendments thereto. The estimate of the cost of the road was $126,665. Instead of advertising and letting a contract, the commissioners of said district entered into a contract with the county court to construct the road in accordance with the plans and specifications for $7,000 per mile. The county court proceeded to construct the road and completed 3.2 miles thereof for which it received no remuneration from the district. The commissioners were about to sell bonds in the sum of $63,000 to pay for the work which was done and to pay the balance due when the road should be completed. Benefits to the property were assessed, taxes extended and collected in part to pay bonds to be issued and sold with the interest thereon. The county was not made a party to the suit. The present county judge refused to complete the road unless appellees pay $20,000 more than the contract price to construct necessary bridges.

Appellants contend that the contract entered into by the county was without authority and void, and on that account it has a right to restrain the sale of the bonds and the extension and collection of taxes against the property in the district based upon the assessment of benefits to the property. Even if the contract was void, which we deem it unnecessary to determine, the complaint was properly dismissed because the prayer thereof was to prevent the district from issuing bonds, levying and collecting taxes based upon the benefits assessed against the property in said district in accordance with the estimated cost of the improvement. When properly organized under act number 126 of the Acts of 1923 and amendments thereto, an improvement district has a right to issue and sell a sufficient number of bonds to construct the improve-

ment and to assess the benefits to the property and to levy and collect taxes to pay the bonds and interest thereon. It is conceded that appellee district was formed in accordance with said act and amendments thereto. Appellants, therefore, could not and cannot maintain a suit to restrain the commissioners from doing these things which it is authorized by the act to do.

Appellants argue that their complaint was wrongfully dismissed because the money to be derived from the sale of the bonds cannot be used in payment of that part of the road already constructed by the county under the alleged illegal contract. Their argument is not sound because the district received the benefits of the contract to the extent of that part of the road completed, by using same, and cannot refuse to pay therefor. *White River L. & W. Ry. Co.* v. *Star R. & L. Co.,* 77 Ark. 128, 91 S. W. 14.

No error appearing, the decree is affirmed.